# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| First Lutheran Church, | Case No. 18-cv-954-JRT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| The City of St. Paul, | |
| Defendant. | |

At a recent motion hearing, this Court asked counsel for each party to file letter briefs whether to stay discovery in this case pending the settlement conference currently scheduled for January 3, 2019. (*See* Minutes, ECF No. 66.) Counsel for First Lutheran Church ("First Lutheran") waived his right to a letter and instead spoke on the record opposing the stay. Counsel for the City of Saint Paul ("Saint Paul" or "the City") filed a letter supporting the stay. (ECF No. 67.) After careful consideration of the arguments made by counsel, the unique circumstances surrounding this case, and for the following reasons, the Court will STAY DISCOVERY until after the settlement conference currently scheduled for January 3, 2019.

"This Court possesses the inherent power to stay actions in order 'to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Crystal Import. Corp. v. Avid Identification Sys., Inc.*, Civ. No. 05-2527 (DSD/SRN), 2008 WL 2120998 at *2 (D. Minn. Apr. 28, 2008) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The Court has discretion in deciding to exercise this power. *Id.* Further, the Court has an "affirmative duty" to "ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 1; *see also* Fed. R. Civ. P. 1 ("These rules…should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Against this backdrop, the Court has determined that a temporary stay of discovery is in the best interests of the parties and will serve the goal of efficient and inexpensive resolution of the case. Particularly concerning to the Court is the potential for unnecessarily high costs of discovery ahead of the settlement conference. As the attorneys for both sides undoubtedly know, litigation of a case sometimes demands a thorough, vigorous approach to discovery in order to bring a dispute to a point where the parties can make reasonably informed decisions about possible resolution. First Lutheran appears to be taking such an approach here, having already noticed a remarkably large number of depositions early in the discovery process. However, the circumstances of this case overwhelmingly indicate that such an approach is neither necessary nor wise. This litigation is not between two corporations likely to have very large budgets set aside for litigation. First Lutheran is a non-profit church engaged in admirable charitable activities and Saint Paul is a taxpayer-funded governmental entity.[1] The expense of litigating a case in this manner may hit parties like these harder than others.

However, cost is not the only concern the Court has. The approach to discovery First Lutheran has adopted here necessarily takes its focus off its goals outside of the litigation. While that may be advisable in cases where the parties' disagreements seem unresolvable, here both parties have indicated a genuine willingness to reach an agreement in this matter. Because of this, such extensive discovery prior to the settlement conference is likely unnecessary for First Lutheran and the City to bridge the remaining gap between them. So that the parties are aware of these concerns, and in the hopes that the litigants might be able to resolve this matter on their own, the Court requires a representative from each party to review this Order prior to the January 3, 2019 settlement conference.

Accordingly, **IT IS HEREBY ORDERED:**

1. Discovery is stayed in this matter until the settlement conference currently scheduled for January 3rd, 2019, is held. If the conference must be rescheduled for any reasons, discovery will remain stayed until after the conference is held.

---

[1] A third non-profit entity, Listening House, is not a party to this action, but is intimately involved with the overall dispute. Listening House's own lawsuit against Saint Paul, which proceeded in state court, recently reached a settlement agreement.

2

2. Prior to the settlement conference, a representative from each party must review this Order.

Date: November 14, 2018        *s/ Katherine Menendez*
                               Katherine Menendez
                               United States Magistrate Judge